**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **MINOR CHILD JOHN DOE, BY JOHN** | : | |
| **DOE, SR., HIS FATHER, NATURAL** | : | |
| **GUARDIAN AND NEXT BEST FRIEND** | : | |
| **AND JOHN DOE, INDIVIDUALLY,** | : | **3:05cv1968(WWE)** |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **FEDERAL EXPRESS CORPORATION** | : | |
| **and FEDEX KINKO'S OFFICE** | : | |
| **AND PRINT SERVICES, INC.,** | : | |
| **Defendants.** | : | |

RULING ON PLAINTIFFS' MOTION FOR JOINDER,
MOTION TO AMEND AND MOTION FOR REMAND

The sexual assault of the minor plaintiff John Doe constitutes the ignominious genesis of this action.  On December 14, 2005, John Doe and his father instituted this action in state court against the assailant's then-employer, FedEx Kinko's Office and Print Services, Inc. ("FedEx Kinko's") and its parent, Federal Express Corporation ("FedEx"), alleging negligent hiring, negligent supervision, recklessness, and negligent infliction of emotional distress.   On December 27, 2005, defendants removed the case to federal court on the basis of diversity jurisdiction.

Plaintiffs object to the removal and have filed a motion for joinder, a motion to amend, and a motion for remand.  For the following reasons, the motions for joinder, to amend and for remand will be denied.

1

BACKGROUND

On September 27, 2005, the minor plaintiff John Doe was sexually assaulted by Paul Sykes, who was then an employee at FedEx Kinko's.  Sykes is not a party to this action.

According to the complaint, the parents of the minor plaintiff became acquainted with Sykes as a result of his solicitation fo FedEx Kinko's customers for his computer system maintenance business entitled "Facts and Fantasy."

Plaintiffs assert that FedEx Kinko's is liable for:   1) negligent hiring of Mr. Sykes, who had previously been convicted for Gross Sexual Misconduct with Minor Children, Unlawful Sexual Conduct with Minor Children and violations of parole; 2) negligent supervision of Mr. Sykes; and 3) recklessness for failure to conduct an accurate criminal background check.  Plaintiffs further allege negligent infliction of emotional distress against both defendants.

Plaintiffs now seek to amend the complaint to join Michael Spencer, who was Paul Sykes' supervisor at FedEx Kinko's.

DISCUSSION

Plaintiffs assert that joinder of Michael Spencer is appropriate under the permissive joinder provision of Federal Rule of Procedure 20(a) and that the Court should remand the case since the addition of Michael Spencer would destroy diversity jurisdiction.   Defendants argue that plaintiffs' request to join Michael Spencer constitutes fraudulent joinder.

A plaintiff may not defeat federal jurisdiction and a defendant's right to removal through joinder of non-diverse defendants against whom they have no real claims.[1] Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 460-61 (2d Cir. 1998).  Such tactic is referred to as a "fraudulent joinder."  See Briarpatch Ltd., L.P v. Phoenix Pictures, Inc., 373 F.3d 296, 302 (2d Cir. 2004), cert. denied, 373 F.3d 296 (2005).  A defendant arguing for application of the doctrine of fraudulent joinder must demonstrate, by clear and convincing evidence, either: 1) that outright fraud was committed in the plaintiff's jurisdictional pleadings; or 2)  no possibility exists, based on the pleadings, that plaintiff can state a cause of action against the non-diverse defendant in state court. Pampillionia, 138 F.3d at 461; see also Briarpatch, 373 F.3d at 302.  The language "no possibility" has been interpreted as meaning no "reasonable possibility" or "no reasonable basis."   In re Rezulin Prods. Liability Litig., 133 F.Supp.2d 272, 280 n.4 (S.D.N.Y.2001)

In deciding the issue of fraudulent joinder, all factual and legal issues must be resolved in favor of the plaintiff.  Pampillonia, 138 F.3d at 461.  However, the court can look beyond the pleadings to determine if the pleadings can state a cause of action.  In re Rezulin Prods. Liability Litig., 133 F.Supp.2d at 281-82.

Plaintiffs argue that "the initial breach of the duty of care arose when Paul Sykes during the course of his employment, tendered his business card to a parent or parents

---

[1]"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1445.

of John Doe at the FedEx Kinko's location..." and that there exists "at least an arguable claim under a negligent supervision theory that it was the individual supervisor of Paul Sykes, Michael Spencer, whose alleged negligent supervision of Paul Sykes while on the premises of FedEx Kinko's that began the causative chain of negligence." Plaintiffs' Reply brief at 6.

The first essential element of a negligence cause of action is the existence of a duty of care owed by the defendant.  Ryan Transportation, Inc. v. M & G Associates, 266 Conn. 520, 525-26 (2003).  Plaintiffs' assertion that Spencer's conduct commenced the "causative chain of negligence" appears to disregard the fundamental requirement of first establishing Spencer's duty of care.

 Murdock v. Croughwell, 268 Conn. 559 (2004), a factual analog to the instant case, militates against a finding that Spencer owed a duty of care to protect plaintiffs from the harm that occurred to John Doe.  In Murdock, plaintiff, a former police officer, sued the Chief of Police for negligent supervision after he was assaulted by a fellow officer while off-duty in the parking lot of a restaurant.  Plaintiff alleged, inter alia, that the police chief should have known of his assailant's violent tendencies and that he should have taken steps to protect or warn other employees of these tendencies.

After consideration of the Restatement (Second) of Torts and the common law of Connecticut, the Connecticut Supreme Court held that the relationship of a supervisor to a subordinate employee does not give rise to a duty on the supervisor to protect a third party from harm where the subordinate is off duty and away from the place of employment.  Id. at 570.  See also Restatement (Second) of Torts § 317, which imposes a duty on an employer to control the conduct of an off-duty employee when the

4

conduct complained of occurs on the employer's premises or utilizes a chattel of the employer's, if the employer knows or has reason to know that he can control the employee and recognizes the necessity of so doing.

Plaintiffs rely, inter alia, upon Seguro v. Cumminsky, 82 Conn.App. 186 (2004) in support of the viability of their negligent supervision claim against Spencer.  In Seguro, the Connecticut Appellate Court, noting the well recognized connection between excessive consumption of alcohol and violent traffic accidents, held that an employer tavern owner could be liable for negligent supervision of an employee who had consumed intoxicating liquor on the job and, as a result, had injured a third party off the premises.  The Appellate Court found a legal duty for tavern owners  to protect third parties from intoxicated employees appropriate after consideration of the normal expectations of the participants, the public policy concerns, the avoidance of increased litigation, and other decisional law.  In light of liability imposed upon by the state's Dram Shop Act, it followed that the owners should have the expectation that they could be held liable if their employees cause harm to third parties due to on-the-job liquor intoxication and that third parties can expect that their safety will not be compromised due to negligent supervision of employees serving alcohol.  The Court opined further that imposition of such a duty furthers the public policy interest of encouraging employers to supervise employees, and litigation would hold accountable those employers that have not implemented responsible policies against consumption of alcohol during work hours.

Seguro is distinguishable from the instant case.   Here, the connection between the harm of child molestation and employee solicitation of clients for personal business

is significantly more attenuated than that of traffic accidents and consumption of alcoholic beverages by tavern employees.  The failure to prevent Sykes' client solicitation implicates none of the foreseeable harm, party expectations, or public policy concerns of failing to supervise tavern employees from consuming excessive alcohol.  Thus, <u>Murdock</u> rather than <u>Seguro</u> controls the analysis.

Since the allegations of the complaint establish that the assault by Sykes took place at the plaintiffs' residence and involved none of defendants' chattel, plaintiffs cannot establish that Spencer owed them a duty to control the conduct of Sykes while he was off duty and off the FedEx Kinko's premises.  As a result, no reasonable basis exists for plaintiffs' assertion of negligent supervision against Spencer in state court.  Accordingly, plaintiffs' effort to join Spencer to this action is consonant with the doctrine of fraudulent joinder.  The motions for joinder, to amend and for remand will be denied.

<u>CONCLUSION</u>

For the foregoing reasons, the Motion for Joinder [#18], Motion for Permission to Amend the Complaint [#20], and Motion for Remand [#22] are DENIED.

SO ORDERED.

_____/s/_____
WARREN W. EGINTON
SENIOR U.S. DISTRICT JUDGE


Dated this 22d day of May 2006 at Bridgeport, Connecticut.

6