UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MINOR CHILD JOHN DOE, BY JOHN :
DOE, SR., HIS FATHER, NATURAL :
GUARDIAN AND NEXT BEST FRIEND :
AND JOHN DOE, INDIVIDUALLY, :  3:05cv1968(WWE)
    Plaintiffs, :
     :
v. :
     :
FEDERAL EXPRESS CORPORATION :
and FEDEX KINKO'S OFFICE :
AND PRINT SERVICES, INC., :
    Defendants. :

## MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT

The genesis of this action is the sexual abuse of minor plaintiff John Doe by Paul Sykes, a former employee of FedEx Kinko's. Plaintiffs allege that FedEx Kinko's Office and Print Services, Inc. ("FedEx Kinko's") and its parent, Federal Express Corporation ("FedEx"), are liable to them for negligent hiring of Sykes, negligent supervision of Sykes, recklessness and negligent infliction of emotional distress.

Defendants have moved for summary judgment. For the following reasons, summary judgment will be granted.

## BACKGROUND

The parties have submitted memoranda of law, statements of fact, and supporting materials including affidavits. These materials reflect the following factual background.

Michael Spencer, a FedEx Kinko's store manager, first met Paul Sykes at the convenience store where Sykes worked and where Spencer was a frequent customer.

Spencer informed Sykes that an opening was available at the FedEx Kinko's store in Fairfield, Connecticut, where Spencer worked.

On March 1, 2004, Sykes applied to FedEx Kinko's. On his employment application, Sykes disclosed that he had been convicted of a felony. Specifically, he wrote: "1989 Equiv to statutory Rape." During his interview, Sykes informed Spencer that, when he was eighteen years old, he had been arrested after the father of his seventeen-year-old girlfriend learned of their sexual relationship.

After the interview, Spencer submitted Sykes' name for a background check by General Information Services ("GIS"). Pursuant to an agreement between FedEx Kinko's and GIS, GIS searched for Sykes' felony convictions within seven years from the time of the employment application. This search did not reveal that Sykes had a 1989 conviction for unlawful sexual contact with minor boys in the State of Maine. Sykes passed the background check, and therefore, GIS rated him as "meets" without further information.

FedEx Kinko's hired Sykes to work in its Fairfield store as a Production Operator. The duties of a Production Operator included taking customer orders, operating necessary equipment, moving boxes and equipment, writing and filling out forms, sorting and collating papers, handling and sorting money, and operating in-store computers and computer equipment. The FedEx Kinko's job description also provided that a Production Manager "may be asked" to "pick up and deliver customer orders." However, there is no evidence that FedEx Kinko's required its Production Operators to perform such duty or that Sykes was ever required to pick up or deliver any orders.

During the winter of 2004/2005, Ms. Doe, the mother of minor plaintiff John Doe, visited the FedEx Kinko's store in Fairfield three or four times.  During one of these visits, Sykes helped Ms. Doe, who was accompanied by the elder of her two minor sons, to select stationary.[1]  Sykes and Ms. Doe spoke about Sykes' son, the Doe family's recent move to Fairfield, and Sykes' computer skills.  Sykes gave Ms. Doe the card for his personal computer-repair services business entitled "Facts and Fantasy."  Ms. Doe told Sykes that she needed help with her home computers and gave Sykes her home address.  Ms. Doe understood that Sykes' computer-repair business was unrelated to the business of FedEx Kinko's.

Thereafter, during a period of six to nine months, Sykes visited the Doe residence for the purpose of repairing computers for the Doe family.  Ms. Doe paid Sykes in cash for his services.   Sykes also provided some unpaid math tutoring to the two Doe sons, and offered to take them kite flying.  On certain occasions, Ms. Doe and Sykes shared cigarette breaks.

At some time, the elder Doe son informed his mother that he thought Sykes was "weird" and that he got "bad vibes from him."   Both Doe sons informed Ms. Doe that Sykes had swum naked in the family pool while the elder Doe son was also in the pool.  Subsequently, Ms. Doe asked Sykes about his swimming naked in the family's pool.  He responded that he grew up in Maine, where people "used to swim naked all the time."

---

[1] The younger son of Ms. Doe is the plaintiff John Doe.

3

On September 27, 2005, approximately one week after the naked swimming incident, Ms. Doe left him alone with her two sons while she went to the grocery store. While she was out of the house, the younger son, John Doe, was sexually assaulted by Sykes. Sykes later had dinner with the family and left for the day.

That same day, John Doe told his mother about Sykes' conduct and Ms. Doe reported Sykes to the Fairfield Police Department. After an investigation, the Fairfield Police arrested Sykes.

## DISCUSSION

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir. 1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. Am. Int'l Group, Inc. v. London Am. Int'l Corp., 664 F. 2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Liberty Lobby, 477 U.S. at 24.

4

Defendants argue that plaintiffs' claims based on alleged negligent and reckless conduct fail because defendants did not owe a duty to protect plaintiffs from Sykes' conduct that occurred outside of the FedEx Kinko's premises and was not related to his work for FedEx Kinko's.

The first essential element of a negligence cause of action is the existence of a duty of care owed by a defendant. Ryan Transportation, Inc. v. M & G Associates, 266 Conn. 520, 525-26 (2003). The test for determining legal duty is a two prong analysis that includes: (1) a determination of foreseeability, and (2) public policy analysis. Monk v. Temple George Assocs., LLC, 273 Conn. 108 (2005). A duty may be imposed where an ordinary person, knowing what that person knew or should have known, would have foreseen that a harm of the general nature of that suffered would be likely to result. Seguro v. Cummiskey, 82 Conn. App. 186, 191 (2004).

Thus, the Restatement (Second) of Torts § 317 provides that an employer has no duty to control the conduct of an off-duty employee except when the complained-of conduct occurs on the employer's premises, utilizes a chattel of the employer's, and the employer knows or has reason to know that he can control the employee and recognizes the necessity of so doing. Section 317's exceptions reflect that a duty may only be imposed on the employer where the harm is foreseeable and there exists the ability and necessity for the employer to control the employee.

Connecticut law is consistent with the principles of the Restatement. The Connecticut Supreme Court, in rejecting a negligent supervision claim, held that relationship of a police chief to a police officer did not give rise to a duty on the police

chief to protect a third party from harm where the officer was off-duty and away from the place of employment. Murdock v. Croughwell, 268 Conn. 559, 575 (2004).

Plaintiffs assert that FedEx Kinko's had a duty because it had been informed of Sykes' past statutory rape conviction, and because Sykes utilized FedEx Kinko's chattels to injure plaintiff John Doe. Plaintiffs' arguments are unavailing.

Despite the fact that Sykes had informed FedEx Kinko's that he had a prior conviction for conduct equivalent to statutory rape, defendants could not foresee that hiring Sykes as a Production Manager, a position that does not entail intimate contact with members of the public or vulnerable individuals, would gain access to a family's home and the opportunity to sexually abuse a child. The conversation between Ms. Doe and Sykes concerning his skills and her computer needs led to her hiring him and allowing him into her home. However, this communication concerned subjects extrinsic to Sykes' performance as a FedEx Kinko's employee and could not be anticipated by defendants. Similarly, defendants could not reasonably foresee that hiring Sykes would lead to his interaction with the Doe children absent the presence of the parents or another supervisory adult. There is no evidence that defendants should have known that it could have controlled Sykes' behavior off-site or that it should have recognized the necessity of doing so.

Plaintiffs assert that Sykes used the goodwill and national reputation of FedEx Kinko's to gain the trust of the Doe family and harm John Doe. Plaintiffs point out that Sykes was wearing his uniform both when he met Ms. Doe and when he sexually abused John Doe, and that Sykes used FedEx Kinko's telephone to contact the Doe family regarding his personal business.

A "chattel" is defined as "[m]ovable or transferable property; personal property; esp.; a physical object not capable of manual delivery and not the subject matter of real property." Black's Law Dictionary (8th Ed. 2004). As intangibles, goodwill and reputation do not fit within the definition of a chattel. Further, decisional law indicates that an employer has a duty stemming from an employee's use of its chattel only where that use is directly involved in the harm or injury to plaintiff. See e.g. Brezenski v. World Truck Transfer, Inc., 755 A.2d 36, 41 (Pa. Super. 2000) (employee truck driver's use of truck did not satisfy section 317 because, unlike a case where reckless or unlawful driving causes an injury, the truck had only provided a means of travel to place of injury); see also Bennett v. Godfather's Pizza, 570 So.2d 1351 (Fl. App. 1990) (chattel was not legal cause of harm). In the instant case, FedEx Kinko's goodwill, telephone and uniform do not represent chattels directly involved in causing the sexual abuse of John Doe. The relationship of the harm to the use of the alleged chattels is attenuated and therefore does not fall within the foreseeable exceptions to the general rule of no employer liability for off-duty employee conduct.

The defendants' motion for summary judgment will granted.

## **CONCLUSION**

For the foregoing reasons, the motion for summary judgment [doc. # 70] is GRANTED. The clerk is instructed to close this case.

                                        _____/s/_____
                                        WARREN W. EGINTON
                                        SENIOR U.S. DISTRICT JUDGE

Dated this _30th___ day of July 2008 at Bridgeport, Connecticut.